**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

RICHARD F. SWAIN, JR., a/k/a Pee
Wee, a/k/a Tall Jack,
Defendant-Appellant.

No. 96-4135

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CR-95-73)

Submitted: July 29, 1997

Decided: January 26, 1998

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

J. Franklin Long, Bluefield, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, John C. Parr, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard F. Swain pled guilty to conspiracy to distribute and possess cocaine base with the intent to distribute. See 21 U.S.C. §§ 846 & 841(a)(1) (1994). Swain filed a timely appeal and his counsel filed a formal brief pursuant to Anders v. California , 386 U.S. 738 (1967), in which he certified that there were no meritorious issues for appeal. Nonetheless, he presented the court with two putative issues. Although ultimately concluding that neither issue had merit, counsel suggested that the district court erred in declining to allow Swain to withdraw his guilty plea and in sentencing him at the top of the applicable Guidelines range. Swain filed a supplemental brief in his own behalf. In it, Swain raises three additional issues. He contends that the Government failed to prove territorial jurisdiction, that the sentencing guidelines contained in the United States Sentencing Commission, Guidelines Manual (Nov. 1994), are null and void, and that he did not receive the effective assistance of counsel at sentencing.

Swain's counsel first contends that the district court erred in refusing to allow Swain to withdraw his plea. The withdrawal of a guilty plea is not a matter of right. See United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). The defendant bears the burden of showing a "fair and just" reason for the withdrawal even in the absence of a showing of prejudice by the Government. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). This is true even when, as here, the defendant seeks to withdraw the plea before the district court formally accepts the plea agreement. See United States v. Hyde, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667). We review the district court's denial of the motion to withdraw the plea for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

In order to amount to an abuse of discretion, the district court must either fail or refuse to exercise its discretion or rely on an erroneous

2

legal or factual premise in the exercise of its discretionary authority. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). In this case, there is no evidence of an abuse of discretion. The district court considered Swain's motion in light of the proper legal standards, see Moore, 931 F.2d at 248, and did not rely on any erroneous factual assumptions. Accordingly, we find no cause to disturb the district court's reasoned order denying the motion and affirm.

The remainder of Swain's assignments of error need not detain us for long. Swain's counsel suggests that the district court erred in sentencing Swain at the top of the sentencing range. This court lacks the statutory authority to consider this claim. We therefore dismiss the appeal as to this claim. See 18 U.S.C. § 3742(a) (1994); United States v. Jones, 18 F.3d 1145, 1151 (4th Cir. 1994). Swain's contention that the Government failed to prove jurisdiction over his drug trafficking offense is frivolous, as is his suggestion that the sentencing guidelines were never properly enacted by Congress. Moreover, his claim that his attorney was constitutionally ineffective at sentencing is not proper for direct appeal. See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no other nonfrivolous issues for this appeal. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

3